UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES MATTHEW JOYNER | CIVIL ACTION NO. 22-180 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| KANSAS CITY SOUTHERN RAILROAD CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion to dismiss, filed by Defendant Kansas City Southern Railway Company ("KCSR"). The motion has been fully briefed. For the reasons below, KCSR's motion [Record Document 19] is **GRANTED**.

### I. Background

Plaintiff James Joyner ("Joyner"), who is self-represented, filed this civil action against KCSR pursuant to the Family and Medical Leave Act ("FMLA") on January 19, 2022. Record Document 1. Based on attachments to the complaint, it appears Joyner is complaining about events surrounding his termination from KCSR. According to these attachments, Joyner was removed from service on May 8, 2019, pending a formal investigation. After the investigation, it was determined that Joyner was scheduled to attend mandatory training that was bulletined and posted several days earlier, but he did not attend. It was determined that by failing to attend mandatory training, he violated the railroad's General Code of Operating Rules 1.6 regarding conduct, and he was dismissed on June 20, 2019.

Joyner appealed to the public law board to be reinstated and argued that he was medically unable to report for training on the dates in question. The railroad responded that Joyner was aware of the scheduled training and had originally said he forgot about the training and was seeking legal

advice about a foreclosure on that day. Joyner belatedly produced to the railroad an illegible doctor's note that purportedly indicated he was unable to attend the training. However, he failed to notify the railroad in advance of his intended absence.

After review, the board found no procedural errors or violations of Joyner's due process rights, and the board noted that Joyner was apparently unhappy regarding being scheduled for training on one of his off days. The board concluded that Joyner improperly resorted to a self-help solution that was impermissible based on company policy. Thus, the board denied his appeal.

In addition to attaching the above-referenced documents to his complaint, Joyner alleges in his amended complaint that "the company shouted at me and snatched a cooler from my hand" on June 20, 2017, and that he "filled [out] a speak up report" the same day. Record Document 8. He also claims that he was approved for FMLA leave on October 24, 2018, and that he was harassed in a job briefing on March 4, 2019. *Id.*

Joyner filed suit against KCSR and six individuals. Record Document 1. The Court has since terminated the six individuals as named defendants. Record Document 11. KCSR now has filed a motion to dismiss in which it seeks dismissal of the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Record Document 19.

II.   **Law & Analysis**

   A.  **Legal Standard**

KCSR invokes Federal Rule of Civil Procedure 12(b)(6) in support of its motion to dismiss. In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all of the factual allegations in the complaint in determining whether a plaintiff has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court may dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Analysis

In the motion, KCSR argues that dismissal is appropriate because Joyner's claims are untimely and that he fails to plead a claim for relief. The Court agrees that Joyner has failed in his burden of establishing the timeliness of his claims and dismissal is warranted solely on this ground.

A cause of action under the FMLA must be filed within two years of the alleged violation, unless a plaintiff pleads a willful violation, which extends the limitation period to three years. *See* 29 U.S.C. § 2617(c)(1) & (2). "To show willfulness, a plaintiff must demonstrate that an employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–34 (1988)) (discussing FLSA violations); *see Williams v. Tarrant Cnty. Coll. Dist.*, 717 F. App'x 440, 449–50 (5th Cir. 2018) (quoting *Steele*, 826 F.3d at 248); *Mozingo v. Oil States Energy, Inc.*, 661 F. App'x 828, 830 (5th Cir. 2016) (quoting *Steele*, 826 F.3d at 248). "A negligent violation is not a willful violation, and an unreasonable violation does not necessarily constitute a willful violation." *Steele*, 826 F.3d at 248 (internal quotation marks and citation omitted).

Here, the face of the complaint and attachments show that all acts giving rise to Joyner's purported FMLA claims happened over two years before he filed suit. As such, Joyner must show a willful violation to avoid dismissal. Quite simply, he failed to plead any facts upon which a willful violation could be found and failed to make any argument to show that his claims were otherwise timely. *See* Record Documents 23, 34, & 36. Thus, Joyner failed in his burden of showing the timeliness of his claims, and his complaint is subject to dismissal solely for this reason.

### III. Conclusion

Based on the foregoing reasons, KCSR's motion to dismiss [Record Document 19] is **GRANTED**. All claims asserted by Joyner against KCSR in the above-captioned matter are **DISMISSED WITH PREJUDICE AS TIME-BARRED**. A separate judgment will be issued herewith.

**THUS DONE AND SIGNED** this 16th day of May, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE